William L. Schmidt, SBN 206870
Email: legal.schmidt@gmail.com
Jeffrey W. Eisinger, SBN 109299
Email: legal.schmidt.jeff@gmail.com
**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**
PO Box 25001
Fresno, CA 93729
Tel: 559.261.2222

Stuart R. Chandler, Esq. (SBN: 88969)
**STUART R. CHANDLER, APC**
761 E. Locust Avenue, Suite 101
Fresno, CA 93720
Telephone: (559) 431-7770
Facsimile: (559) 431-7778
stuart@chandlerlaw.com

Attorneys for Plaintiff J.A. a Minor, by her Guardian ad Litem, LUZ ANA VENEGAS, individually and as successor-in-interest to Decedent ARTEMIO ALFARO,

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A. a Minor, by her Guardian ad Litem, LUZ ANA VENEGAS, individually and as successor-in-interest to Decedent ARTEMIO ALFARO,<br><br>Plaintiff,<br>v.<br>The COUNTY OF MADERA, Deputy BRENDAN JOHNSON, individually, Deputy LOGAN MAJESKI, individually, Deputy JOSE INIGUEZ, Sergeant JEFFREY THOMAS, individually, and DOES 1-25, inclusive,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Unlawful Seizure, Excessive Force, Interference with Familial Relationship (42 U.S.C. §1983) 4th and 14th Amendments**<br><br>**2. Municipal Liability for Unconstitutional Custom, Practice or Policy, Failure to Train, and Supervisory Liability (*Monell*)**<br><br>**3. Battery**<br><br>**4. Negligence – Wrongful Death**<br><br>**5. Violation of Bane Act (Cal. Civ. Code §52.1)**<br><br>**Demand for Jury Trial** |

1

## INTRODUCTION

This lawsuit seeks to recover damages pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. §1983, and the laws of the State of California for the shooting death of ARTEMIO ALFARO ("ARTEMIO") by officer(s) of the Madera County Sheriff's Office ("MCSO").

## JURISDICTION

1. This Complaint asserts causes of action arising under the U.S. Constitution and the laws of the State of California.  Pursuant to 42 U.S.C. §1983, the Plaintiff alleges causes of action for an illegal seizure, lack of due process, the use of excessive force, all in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.   These claims, along with the state law claims for battery, negligence, and violation of the Bane Act, arise from a single event that occurred on or about April 29, 2020, in Madera County, California.

2. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. §1331.  The state law claims derive from the same nucleus of operative facts and are part of the same case or controversy under Article III of the U.S. Constitution.  The Court may exercise supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. The acts and omissions giving rise to the Plaintiff's claims occurred in Madera County, within the Eastern District of California.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## THE PARTIES

4. Plaintiff J.A. is the minor daughter of ARTEMIO.  She sues in her individual capacity and as the successor in interest to her father by and through her mother and Guardian ad Litem, LUZ ANA VENEGAS ("VENEGAS").  As the sole child of ARTEMIO, no other person has a superior right to commence any action or proceeding or to be substituted for the decedent.  No proceeding is pending in the State of California for the administration of the Estate of ARTEMIO.

5. Defendant COUNTY OF MADERA ("MADERA") is an entity created under the constitution and laws of the State of California.

6. Defendants Deputy BRENDAN JOHNSON ("JOHNSON"), Deputy LOGAN MAJESKI ("MAJESKI"), Deputy JOSE INIGUEZ ("INIGUEZ"), and Sergeant JEFFREY THOMAS ("THOMAS") were, at all times mentioned, employed as law enforcement officers by the MCSO. They are being sued herein in their individual capacities.

7. The true names and identities of Defendants DOES 1 through 5, inclusive, are presently unknown to the Plaintiff. The Plaintiff alleges that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. The Plaintiff alleges that these DOE Defendants were directly involved as law enforcement officers in the planning and actions alleged herein and participated in the unconstitutional search and excessive force inflicted upon ARTEMIO which resulted in his fatal shooting and death.

8. The true names and identities of Defendants DOES 6 through 15, inclusive, are presently unknown to the Plaintiff. The Plaintiff alleges on information and belief that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. Plaintiff alleges on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of Defendant MADERA. They were responsible for the supervision, management, training, monitoring, and control of Defendants JOHNSON, MAJESKI, INIGUEZ, THOMAS and DOES 1 through 10, and acted to deprive the Plaintiff of such supervision, management, training, monitoring, and control, thus resulting in the actions asserted herein and the damages caused.

9. The true names of Defendants 16 through 25, inclusive, are presently unknown to the Plaintiff. The Plaintiff alleges that each of these DOE Defendants were responsible for and caused the acts and injuries alleged herein. The Plaintiff alleges on information and belief that each of these DOE Defendants were, at all times mentioned herein, employees or agents of Defendant MADERA and that they were responsible for the promulgation and perpetuation of policies, both de facto and explicit, which resulted in the injuries sustained by the Plaintiff.

10. The Plaintiff is informed and believe that at all relevant times the DOE Defendants were acting under color of law, authority, customs, and usage of the Constitution and laws of the United States, the State of California, and County of Madera. The Plaintiff is further informed and believe

3

that at all relevant times each and every Defendant, including DOES, was the agent, servant, employee, and/or representative of each and every other Defendant and in doing the things herein complained of, was acting within the course and scope of said agency, service, employment, and/or representation, and that each and every Defendant, including DOES, is jointly and severally liable for all injuries and resulting damages incurred by the Plaintiff. The Plaintiff will seek to amend this Complaint when the true names and identities of the DOE Defendants are known.

**GENERAL ALLEGATIONS**

11. The Plaintiff repeats and realleges each allegation in paragraphs 1 through 10 of this Complaint as though fully set forth at this point.

12. On April 29, 2020, officers of Defendant MADERA, including Defendants JOHNSON, MAJESKI, INIGUEZ, THOMAS and DOES, ("Defendant Officers") attempted to apprehend ARTEMIO who was wanted for two warrants. The Defendant Officers had prior knowledge that ARTEMIO had a reputation of running from law enforcement when confronted.

13. The Defendant Officers formulated a plan to apprehend ARTEMIO, which resulted in him being able to get into his truck and drive off. They followed him in a high-speed chase which endangered themselves and the public. ARTEMIO was eventually located by Defendant MAJESKI on foot near a rural farmhouse. Once again, ARTEMIO was able to get back into his truck. Defendant MAJESKI then got the driver-side door open and used his K-9 and Taser on ARTEMIO. Deputy INIGUEZ simultaneously tried to restrain ARTEMIO via the passenger-side door. Neither effort was successful. ARTEMIO was then able to start the truck and put it in motion as MAJESKI and INIGUEZ moved away from the vehicle.

14. Without ascertaining the location of his fellow officers, Deputy JOHNSON began shooting into the truck at ARTEMIO. He fired 7 times, paused, and then fired 3 more times. ARTEMIO, having been hit with 7 bullets, including one to the head, was handcuffed and pronounced dead at the scene.

15. The Plaintiff is informed and believes that the Defendant Officers used deadly force without following proper procedures and in violation of ARTEMIO's civil rights. The Defendants were in an isolated area away from the public, under no time pressure, and used objectively

unreasonable and excessive amounts of force given the availability of other, less than lethal means to resolve the situation.

**ADMINISTRATIVE PROCEEDINGS**

16. Pursuant to California Government Code section 910, et seq., the Plaintiff complied with the prerequisites of the California Tort Claims Act and timely filed claims with MADERA. Each claim was denied on September 14, 2020.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – Unlawful Seizure and Use of Excessive**

**Force in Violation of the Fourth and Fourteenth Amendments**

17. The Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 16 of this Complaint as though fully set forth at this point.

18. At all relevant times herein described, the conduct of all Defendants was subject to 42 U.S.C. §1983 and ARTEMIO had the right to be secure in his person and effects against unlawful seizures, including the use of excessive force.  The unconstitutional seizure deprived ARTEMIO of his right to be secure against unreasonable searches and seizures as guaranteed by the Fourth Amendment to the U.S. Constitution and made applicable to state actors by the Fourteenth Amendment.  Plaintiff J.A. was also deprived of due process guaranteed by the Fourteenth Amendment and has suffered the loss of a familial relationship with ARTEMIO.  Because of the unlawful seizure which included excessive and unreasonable force purposefully utilized against ARTEMIO, he suffered serious injuries resulting in death.

19. The Plaintiff is informed and believes that at no time prior to the Defendant Officers discharging their weapons were they incapable of neutralizing and/or effectuating the seizure of the ARTEMIO using any of a variety of readily available less-than-lethal means or strategies.  The Plaintiff alleges, based on information and belief, that the force used by the Defendant Officers was unnecessary, excessive, and unreasonable under the totality of the circumstances.

20. On information and belief the Plaintiff further alleges that the conduct of the Defendant Deputies was willful, wanton, malicious, and done with a reckless disregard for the rights and safety of ARTEMIO and therefore warrants the award of exemplary and punitive damages to the Plaintiff.

Accordingly, the Defendants are liable to the Plaintiff for compensatory, including general and special damages, as well as punitive damages under 42 U.S.C. §1983.

///

## SECOND CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom, Practice or Policy,**

**Failure to Train and Supervisory Liability**

21. The Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 20 of this Complaint with the same force and effect as though fully set forth at this point.

22. As against Defendant MADERA, the Plaintiff alleges that the acts and/or omissions alleged in this complaint are indicative of a course of conduct by members of Defendant MADERA tantamount to a custom, policy or repeated practice of conditioning and tacitly encouraging the abuse of authority and disregard for the constitutional rights of citizens such as ARTEMIO and the Plaintiff.

23. On information and belief, the Plaintiff alleges that the unconstitutional seizure and the use of excessive, deadly force by the Defendant Officers against ARTEMIO were found to be within the policy of Defendants MADERA.

24. On information and belief, the unconstitutional search and subsequent use of excessive, deadly force by the Deputy Officers was ratified by MADERA supervisorial officers.

25. On information and belief, none of the Defendant Officers were disciplined for the unconstitutional seizure and the use of excessive, deadly force against ARTEMIO.

26. On information and belief, on or about April 29, 2020, the Defendant Officers deprived ARTEMIO and the Plaintiff of the rights and liberties secured by the Fourth and Fourteenth Amendments to the United States Constitution.  In so doing, Defendant MADERA, along with its supervising and managing employees, agents, and representatives, acting with gross negligence and with reckless disregard and deliberate indifference to the rights and liberties of the public in general, and of ARTEMIO and others in his class, situation, and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

a. Employing and retaining individuals as police officers and other personnel who Defendants knew or should have known had dangerous propensities for abusing their authority and for mistreating citizens;

b. Inadequately supervising, training, controlling, assigning, and disciplining MADERA officers and other personnel who Defendants knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits;

c. Inadequate training with respect to seizures and the use of deadly force;

d. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the misconduct of its officers; and

e. Maintaining an unconstitutional policy, custom, and practice of unconstitutional searches and using excessive, deadly force demonstrated by inadequate training regarding these subjects.

27. By reason of the aforementioned policies and practices of Defendants MADERA, ARTEMIO was shot dead.

28. Defendants Does 6-25, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through their actions and inactions thereby ratified such policies. These Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of ARTEMIO, the Plaintiff, and other individuals similarly situated.

29. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, the named Defendants and Does 6-25 acted with intentional, reckless, and callous disregard for the well-being of ARTEMIO and his constitutional rights. The actions of the named Defendants and DOES 6-25 were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person of normal sensibilities.

30. The policies, practices, and customs implemented and maintained and still tolerated by the named Defendants and DOES 6-25 were affirmatively linked to, and were an influential force

behind, the death of ARTEMIO.

31. Accordingly, the named Defendants and DOES 1—25 are liable to the Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## THIRD CAUSE OF ACTION

### Battery

32. The Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 31 as though fully set forth at this point.

33. The Deputy Officers, while acting within the course and scope of their duties, intentionally used excessive and unreasonable force against ARTEMIO, including, but not limited to, shooting him dead.  They had no legal justification for using excessive and unreasonable force against ARTEMIO while carrying out their official duties.

34. As a direct and proximate result of the Defendant Deputies' conduct, ARTEMIO experienced severe pain and suffering.  The decedent suffered gunshot wounds that caused extreme shock, pain, emotional distress, and suffering.  The multiple bullet wounds resulted in a massive blood loss and eventual death.

35. In addition to the pain, suffering, and emotional distress intentionally inflicted upon ARTEMIO before he expired, the Plaintiff seeks compensation for the loss of his love, companionship, comfort, care, assistance, protection, affection, society, moral support and loss of training and guidance.

36. Defendant MADERA is vicariously liable for the wrongful acts of the Defendant Officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

37. The conduct of the Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of ARTEMIO, thereby entitling Plaintiff to an award of compensatory damages, including general and special damages, as well as exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

**Negligence – Wrongful Death**

**California Civil Code of Procedure §377.60 and §377.61**

38. The Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 37 as though fully set forth at this point.

39. Each Defendant owed the decedent and the Plaintiff a duty to use care on or about the date and time of the aforementioned incident. The Defendants negligently and recklessly breached their duty to use due care, which directly and proximately resulted in the injuries and damages to the decedent and the Plaintiff, in the following ways:

   a) The tactics and handling of the incident with ARTEMIO;

   b) The use of deadly force against ARTEMIO; and

   c) The failure to properly train and supervise employees.

40. The Defendants, either individually or by and through their respective agents and employees, directly and proximately caused pain, shock, suffering, and the ultimate death of ARTEMIO.

41. As an actual, direct, and proximate result of the Defendants' negligence which resulted in the needless and avoidable death of ARTEMIO, the Plaintiff J.A. has sustained the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, and guidance of the decedent.

42. The Plaintiff brings this action pursuant to California Code of Civil Procedure §§377.60 and 377.61 and claim damages from the Defendants for the wrongful death of ARTEMIO and all resulting injuries therefrom.

43. Defendant MADERA is vicariously liable for the wrongful acts of each individual Defendant pursuant to California Government Code §815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

**FIFTH CAUSE OF ACTION**

**California Civil Code §52.1 – Bane Act Violation**

44. The Plaintiff repeats and realleges each and every allegation in paragraphs 1 through

43 as though fully set forth at this point.

45. The Defendant Officers and others, while working for Defendant MADERA, and acting within the course and scope of their duties, interfered with, or attempted to interfere with, the rights of ARTEMIO to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

46. As a result of the violence, threats, coercion and intimidation by the Defendants, the Plaintiff J.A. and the decedent have endured severe pain and suffering, including death, as detailed herein.  The conduct of the named Defendants and DOES was a substantial factor in causing the injuries and damages sustained by the Plaintiff.

47. Defendant MADERA is vicariously liable for the wrongful acts of the named Defendants and DOES pursuant to §851.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

48. The conduct of the Defendants and others was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of ARTEMIO and the Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

**PRAYER**

WHEREFORE, the Plaintiff prays that this Court enters judgment after trial by jury in her favor and against Defendant MADERA, the Defendant Officers in their individual capacities, and any subsequently identified DOE Defendants in their individual capacities, as follows:

1. For compensatory damages, including general and special damages, under federal and state law, in the amount to be proven at trial;

2. For punitive damages in an amount to be proven at trial sufficient to punish and deter;

3. For reasonable costs and attorney's fees pursuant to 42 U.S.C. 1983, and/or any other applicable statute, regulation, ordinance, or law, whether state or federal, that provides for reasonable costs and/or attorney's fees;

4. For pre-judgment interest according to law; and

5. For such other and further relief as may be deemed just and proper by this Court.

Dated: February 19, 2021

**WILLIAM L. SCHMIDT, ATTORNEY AT LAW, P.C.**

/s/William L. Schmidt
William L. Schmidt,
Attorney for Plaintiff

Dated: February 19, 2021                    **STUART R. CHANDLER, APC**

/s/ Stuart R. Chandler
Attorney for Plaintiff