UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF MADERA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00252-NONE-EPG<br><br>**ORDER DENYING APPLICATION OF LUZ ANA VENEGAS FOR APPOINTMENT AS GUARDAIN AD LITEM FOR J.A., A MINOR, WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

On February 23, 2021, Plaintiffs J.A., a minor, and Luz Ana Venegas, individually and as successor-in-interest to decedent Artemio Alfaro, filed this action against the County of Madera, Brendan Johnson, Logan Majeski, Jose Iniguez, Jeffrey Thomas, and Does 1 through 25 ("Defendants") alleging claims under 42 U.S.C. § 1983 and California state law related to the shooting death of Artemio Alfaro. (ECF No. 1.) Plaintiff Luz Ana Venegas also filed an application to appoint her as guardian ad litem for minor plaintiff J.A. on February 23, 2021. (ECF No. 2.) Because the application does not comply with Local Rule 202, the Court will deny the application without prejudice.

**I.    LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

(a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

. . .

(c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.   DISCUSSION

The application was filed upon commencement of this action and states that Plaintiff J.A. is ten years old and a minor under the laws of California. (ECF No. 2 at 1.) Plaintiff Luz Ana Venegas is J.A.'s mother and has custody of J.A. (*Id.* at 2.) Plaintiff J.A.'s claims against Defendants arise out of the shooting death of her father. (*Id.*) J.A. does not have a guardian of her estate and no previous petition for appointment of a guardian ad litem has been filed in this matter. (*Id.*) The application further states that Plaintiff Luz Ana Venegas is willing to serve as guardian ad litem, is fully competent to understand and protect J.A.'s rights, and does not have an interest adverse to J.A. (*Id.*) Plaintiff Luz Ana Venegas has contracted with William L. Schmidt, Attorney at Law, P.C., to prosecute J.A.'s claims. (*Id.*)

The application does not comply with Local Rule 202(c). Although Plaintiff Luz Ana Venegas indicates that she has employed Mr. Schmidt, the application does not disclose the terms under which the attorney was employed; whether the attorney became involved in the application at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in

any relationship to Defendants; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. E.D. Cal. L.R. 202(c). The Court will therefore deny the application without prejudice to refiling an application that complies with Local Rule 202.

### III.     CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that the application filed by Plaintiff Luz Ana Venegas to appoint her as guardian ad litem for minor plaintiff J.A. (ECF No. 2) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 1, 2021**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE