UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>COUNTY OF MADERA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00252-NONE-EPG<br><br>**ORDER GRANTING APPLICATION OF LUZ ANA VENEGAS FOR APPOINTMENT AS GUARDIAN AD LITEM FOR J.A., A MINOR**<br><br>(ECF No. 7) |

On February 23, 2021, Plaintiffs J.A., a minor, and Luz Ana Venegas, individually and as successor-in-interest to decedent Artemio Alfaro ("Plaintiffs"), filed this action against the County of Madera, Brendan Johnson, Logan Majeski, Jose Iniguez, Jeffrey Thomas, and Does 1 through 25 ("Defendants") alleging claims under 42 U.S.C. § 1983 and California state law related to the shooting death of Artemio Alfaro. (ECF No. 1.) Currently before the Court is Plaintiff Luz Ana Venegas's application to appoint her as guardian ad litem for minor plaintiff J.A. (ECF No. 7.) For the following reasons, the Court will grant the application.

**I.   BACKGROUND**

Plaintiff Luz Ana Venegas initially filed an application to appoint her as guardian ad litem for Plaintiff J.A. concurrently with the complaint on February 23, 2021. (ECF No. 2.) The Court denied the application without prejudice because it did not comply with the requirements of Local

Rule 202(c) regarding disclosure of an attorney's interests. (ECF No. 6.) On March 2, 2021, Plaintiff Luz Ana Venegas filed the instant application. (ECF No. 7.)

The application states that Plaintiff J.A. is ten years old and a minor under the laws of California. (ECF No. 7 at 1.) Plaintiff Luz Ana Venegas is J.A.'s mother and has custody of J.A. (*Id.* at 2.) Plaintiff J.A.'s claims against Defendants arise out of the shooting death of her father. (*Id.*) J.A. does not have a guardian of her estate.[1] (*Id.*) Plaintiff Luz Ana Venegas is willing to serve as guardian ad litem, is fully competent to understand and protect J.A.'s rights, and does not have an interest adverse to J.A. (*Id.*)

Plaintiff Luz Ana Venegas has contracted with William L. Schmidt, Attorney at Law, P.C., to prosecute J.A.'s claims. (ECF No. 7 at 2.) The parties have a contingency contract under which Mr. Schmidt advances all time and costs to prosecute the case and Plaintiffs pay nothing unless there is a recovery. (*Id.*) According to the application, the contract permits Mr. Schmidt to be reimbursed for costs and receive 45% of the recovery if the case is settled, subject to the Court's approval of a minor's compromise. (*Id.*) If Plaintiffs prevail at trial, Mr. Schmidt is entitled to the contingency amount and any statutory fees awarded by the Court. (*Id.*) Mr. Schmidt is not receiving payment from any other source, did not become involved in the case at the insistence of any Defendant, either directly or indirectly, and has no relationship with any Defendant. (*Id.*) Mr. Schmidt is not receiving payment from any other source. (*Id.*) Mr. Schmidt has associated with another lawyer, Mr. Stuart R. Chandler, at no cost to Plaintiffs. (*Id.*) Plaintiff Luz Ana Venegas has consented to the association and Mr. Chandler has no relationship with any Defendant in the case. (*Id.*)

**II.     LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or

---

[1] Although the application states that no previous petition for appointment of a guardian ad litem has been filed in this matter, this appears to be in error as Plaintiff Luz Ana Venegas previously sought appointment in this case. (*See* ECF Nos. 2, 6.)

incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

. . .

(c) **Disclosure of Attorney's Interest.** When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986). Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted).

### III.   DISCUSSION

J.A. is a minor and lacks capacity to sue under California law. Therefore, appointment of a guardian ad litem is necessary and appropriate. The application complies with Local rule 202(c)'s requirements for disclosure of the attorney's interests. Plaintiffs are suing municipal entities and government officials for similar civil rights violations and there does not appear to be any conflict of interest. Additionally, as J.A.'s mother, Plaintiff Luz Ana Venegas is presumed to act in the minor plaintiff's best interests and there is nothing to undermine that presumption. The Court will follow the general presumption and allow the minor's parent to act as guardian ad litem.

The Court notes that, according to the application, there is a contract awarding Plaintiffs' counsel 45% of any settlement. (*See* ECF No. 7 at 2.) This is well above the 25% benchmark that

courts in the Eastern District of California typically award for attorneys' fees in contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (compiling cases); *Sykes v. Shea,* 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.") (citation and internal quotation marks omitted); *L.M. by and through Martin v. Kern High School District,* 2019 WL 1099983, at *3 (E.D. Cal. Mar. 8, 2019) ("In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors.") (citations omitted); *Patino v. County of Merced,* 2020 WL 6044039, at *6 (E.D. Cal. Oct. 13, 2020) ("Attorneys' fees in the amount of twenty-five percent (25%) are the typical benchmark in contingency cases for minors.") (citations omitted). The contract also does not allow for any reduction if settlement is achieved early in the case with limited work, and thus could potentially result in a correspondingly high hourly rate.

However, the Court need not resolve the issue of the reasonableness of any attorneys' fees at this time. As described above, the standards for appointment of Plaintiff Luz Ana Venegas as guardian ad litem have been met. The Local Rule only requires disclosure of the attorney's interest at this time. *See* E.D. Cal. L.R. 202(c). As the application notes, there will be another opportunity to assess the reasonableness of any payment to counsel if a settlement is reached. *See* E.D. Cal. L.R. 202 (b) (requiring Court approval for settlements or compromises of a claim brought by a minor); *Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted). Moreover, that is the appropriate time to consider the issue because reasonableness may turn on the amount of recovery and time expended for that recovery.

The Court thus allows appointment of Plaintiff Luz Ana Venegas as guardian ad litem for Plaintiff J.A., but notes that it does not endorse the fairness and reasonableness of the contractual contingency fee amount, which will be considered by the Court before any payment pursuant to a minor's compromise is approved.

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that the application filed by Plaintiff Luz Ana Venegas to appoint her as guardian ad litem for minor plaintiff J.A. (ECF No. 7) is GRANTED and Luz Ana Venegas shall serve as guardian ad litem for J.A. in this action.

IT IS SO ORDERED.

Dated:   **March 3, 2021**                                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE