UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., *a minor by her Guardian ad Litem LUZ ANA VENEGAS, individually and as successor-in-interest to Decedent ARTEMIO ALFARO*,<br><br>Plaintiffs,<br><br>v.<br><br>MADERA COUNTY, *et al.*,<br><br>Defendants. | No. 1:21-cv-00252-ADA-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(ECF No. 29) |

Plaintiff J.A. ("Plaintiff"), a minor, proceeds in this civil rights action, in her individual capacity and as the successor in interest to her father, Artemio Alfaro, by and through her Guardian ad Litem, Luz Ana Venegas. Plaintiff's First Amended Complaint ("FAC") brings claims against the County of Madera, Deputy Brendan Johnson, Deputy Logan Majeski, Deputy Jose Iniguez, and Does 1 through 25 (collectively, "Defendants"), alleging unlawful seizure, excessive force, and deprivation of due process pursuant to 42 U.S.C. § 1983, as well as state law causes of action for battery, negligence, wrongful death, and violations of the Bane Act.[1]  (ECF No. 12.)  On June 4, 2021, Defendants filed a motion to dismiss. (ECF No. 14.)  Plaintiff filed an

---

[1] The FAC raises the following claims: (1) unlawful seizure, use of excessive force, and deprivation of due process, in violation of the Fourth and Fourteenth Amendments against Defendants Johnson, Iniguez, and Majeski (ECF No. 12 at ¶¶ 15-18; (2) battery against Defendants Madera County and Defendant Johnson (*id*. at ¶¶ 19-24); (3) negligence and wrongful death against all Defendants (*id.* at ¶¶ 25-30); and (5) violation of the Bane Act against all Defendants (*id.* at ¶¶ 31-35.)  Plaintiff did not identify a Fourth Cause of Action in the FAC. (*See* ECF No. 12.)

1

opposition, and Defendants filed a reply. (ECF Nos. 17, 18.) On September 12, 2022, the motion to dismiss was referred to the assigned United States Magistrate Judge. (ECF No. 25.)

The assigned Magistrate Judge issued findings and recommendations, recommending that Defendants' motion to dismiss be granted in part and denied in part on January 26, 2023. (ECF No. 29.) Specifically, the Magistrate Judge recommended that the excessive force claims against Defendants Iniguez and Majeski be dismissed without leave to amend considering Plaintiff's clarification that Plaintiff's excessive force claim is brought solely against Defendant Johnson. (*Id.* at 5, 19.) The Magistrate Judge also recommended that the Third Cause of Action, with respect to the failure to supervise and/or train, be dismissed without leave to amend. (*Id.* at 20.) Further, the Magistrate Judge recommended dismissing Plaintiff's Fifth Cause of Action to the extent Plaintiff asserts "a Bane Act claim on behalf of Plaintiff J.A. individually and against Defendants Iniguez and/or Majeski." (*Id.* at 17.) The findings and recommendations contained notice that any objections were to be filed within fourteen days after service. (*Id*. at 20.) Defendants timely filed objections on February 9, 2023, and Plaintiff filed a response to the objections on February 13, 2023. (ECF Nos. 30, 31.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendants' objections and Plaintiff's response, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, Defendants "object to the Court's findings and recommendations and ask the Court to grant their motion to dismiss as to Plaintiffs' Third Cause of action alleging Wrongful Death Negligence/Negligent Tactics for failure to allege sufficient facts to support a cause of action." (ECF No. 30 at 5.) As the assigned Magistrate Judge explained, although Plaintiff's negligence claims are relatively sparce, the Court finds that they are sufficient to withstand Defendant's Rule 12(b)(6) motion to dismiss. (ECF No. 29 at 15); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Also, given that "[c]ourts in this circuit have

denied motions for summary judgment on negligence claims where a police officer creates a dangerous situation that results in another officer using lethal force, and the particular challenge presented by deadly force cases where the only witnesses are the officer defendants," the Court finds the Magistrate Judge's recommendation not to dismiss these claims appropriate. (ECF No. 29 at 15) (citations and quotation marks omitted).

Defendants also "ask the Court to grant their motion to dismiss as to Plaintiffs' Third Cause of action alleging Wrongful Death Negligence/Negligent Tactics on the grounds that Defendants Majeski and Iniguez are immune from liability for an injury caused by another person." (*Id.* at 6.) Defendants further argue dismissal of the Third Cause of Action is warranted "on the grounds that Defendants Majeski and Iniguez did not create a dangerous situation which caused or resulted in Mr. Alfaro's wrongful death or the use of deadly force," (*id.* at 7), and because Defendants Majeski and Iniguez "are immune from liability pursuant to Government Code section 820.2," (*id.* at 11).

The Magistrate Judge found, and this Court agrees, that the Court cannot resolve at the pleading stage whether Section 820.2 immunity bars Plaintiff's claims. (ECF No. 29 at 13.)  For Section 820.2 immunity to apply, a showing that the employee consciously exercised discretion by balancing potential risks and advantages is required. (*Id.*)  "Such a showing was not and could not have been made by [the defendant] at the demurrer stage." *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 794 (1985).  The Court also reminds Defendants that this decision does not preclude them from raising this argument at a later stage in the proceedings.

Accordingly,

1. The January 26, 2023, findings and recommendations, (ECF No. 29), are ADOPTED in full;
2. The Court GRANTS in part, and DENIES in part, Defendants' motion to dismiss, (ECF No. 14);
3. Plaintiff's First Cause of Action, to the extent that Plaintiff asserts an excessive force claim against Defendants Iniguez and/or Majeski, is DISMISSED without leave to amend;

3

4. Plaintiff's Third Cause of Action, to the extent Plaintiff asserts a claim based upon negligent training and/or supervision against all Defendants, is DISMISSED without leave to amend;

5. Plaintiff's Fifth Cause of Action, to the extent Plaintiff asserts a Bane Act claim against Defendants Iniguez and/or Majeski, is DISMISSED without leave to amend; and

6. This case proceeds on Plaintiff's First Cause of Action to the extent Plaintiff asserts Fourth and Fourteenth Amendment claims for excessive force, unlawful seizure, and deprivation of due process rights against Defendant Johnson, as well as unlawful seizure claims against Defendants Iniguez and Majeski; Plaintiff's state law battery claims against Defendants Johnson and Madera County; Plaintiff's state law negligence and wrongful death claims against all Defendants; and Plaintiff's Bane Act claims against Defendant Johnson.

IT IS SO ORDERED.

Dated:   June 5, 2023

_____
UNITED STATES DISTRICT JUDGE