UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.A. *by and through her GAL, Luz Ana Venegas, individually and as successor-interest to Decedent, Artemio Alfaro,*

Plaintiff,

v.

THE COUNTY OF MADERA, *et al.*,

Defendants.

Case No. 1:21-cv-00252-KES-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S PETITION FOR APPROVAL OF MINOR'S SETTLEMENT BE GRANTED IN PART

(ECF No. 95)

## I. INTRODUCTION

Plaintiff J.A., a minor, proceeds through her guardian ad litem Luz Ana Venegas in this civil action, bringing Federal and state claims following an incident where Defendant Brendan Johnson, an officer with Madera County Sheriff's Department, allegedly shot and killed Plaintiff's father, Artemio Alfaro. (ECF No. 1 at 4).

The parties have settled this case, and Plaintiff has filed a petition for the Court to approve the parties' settlement agreement. (ECF No. 95). Defendants did not file an opposition and the time to do so has passed.

The presiding District Judge referred the petition for the preparation of findings and recommendations. (ECF No. 2-1, p. 2).

Upon review, the Court will recommend that Plaintiff's petition be granted in part because the proposed settlement is fair and reasonable and in Plaintiff's best interests; however, the Court

recommends a reduction in the amount of attorney fees awarded to Plaintiff's counsel.

## II. BACKGROUND

Plaintiff filed her initial complaint on February 23, 2021. (ECF No. 1). On March 4, 2021, Plaintiff's mother, Luz Venegas, was appointed as Plaintiff's guardian ad litem. (ECF No. 8 at 1). Plaintiff filed a first amended complaint on May 21, 2021 bringing the following claims: (1) unlawful seizure, excessive force, and interference with familial relationship in violation of 42 U.S.C § 1983; (2) Battery; (3) Negligence; and (4) violation of Bane Act (Cal. Civ. Code § 52.1). (ECF No. 12).

She alleges that the underlying events occurred in April 2020. (*Id.* at 4). Plaintiff's father, Artemio, was wanted for two warrants and Defendant officers had knowledge that Artemio would run from law enforcement. (*Id.*). Artemio led officers on a high-speed chase and was eventually located by Defendant officers. (*Id.).* Defendant Johnson was one of the responding officers and shot a total of ten times into Artemio's vehicle. Artemio was struck seven times, including once in the head, handcuffed, and pronounced dead. (*Id.*).

Following the filing of the first amended complaint, Defendants filed a motion to dismiss, which was denied in part and granted in part. (ECF Nos. 14, 32). Following the motion to dismiss, the first and fifth causes of action as to Defendants Iniquez and Majeski were dismissed without leave to amend and the third cause of action with respect to failure to supervise/train was dismissed without leave to amend. (ECF No. 32). Defendants filed a Motion for Summary Judgment on February 10, 2025, which was denied in part and granted in part. (ECF Nos. 52, 77). Following the motion for summary judgment, the Fourteenth Amendment claim against Defendant Johnson was dismissed and the negligence claim against Defendants Iniguez and Majeski was dismissed.

The parties filed a notice of settlement with the Court on February 17, 2026. (ECF No. 91). Thereafter, Plaintiff filed her petition for approval of the parties' settlement, which includes the parties' settlement agreement, a declaration from her attorney, and her attorney's fee agreement. (ECF No. 95). Plaintiff's counsel provided declarations listing the hours worked on the case. (ECF Nos. 97, 98). No opposition was filed.

\\\

## III. TERMS OF SETTLEMENT AGREEMENT

Defendants agree to pay Plaintiff a total of $750,000 to resolve all claims or disputes, whether known or unknown, which resulted from the death of Artemio Alfaro. (ECF No. 95-1 at 9[1]). The payments due at the time of settlement are:

$355,000.00 payable to "Chandler Law Client Trust Account"

$395,000.00 payable to PASSCorp to fund the periodic payments outlined below.

The accounting for the settlement amount made payable immediately is categorized as follows:

Attorney's Fee: $300,000

Litigation Costs: $52,180.32[2]

Remaining balance deposited into a blocked account: $2,819.68

(ECF No. 95 at 11). Periodic payments will be made to J.A. based on a schedule of payments and will be made as follows:

$10,000.00 payable Semi-Annually, guaranteed for 5 year(s), starting on 07/27/2028 with the last guaranteed payment on 01/27/2033.

$1,000.00 payable Monthly, guaranteed for 12 year(s), starting on 07/27/2028, increasing at a rate of 3% compounded annually, with the las guaranteed payment on 06/27/2040.

$20,000.00 is payable as a lump sum on 07/27/2028.

$100,000.00 is payable as a lump sum on 07/27/2035.

$234,952.54 is payable as a lump sum on 07/27/2040.

(ECF No. 95-1 at 9-10).

Lastly, the settlement agreement provides that "Plaintiffs shall dismiss, with prejudice, the pending litigation within the Eastern District of California, Fresno Division, *J.A., a minor by and through her guardian ad litem, v. County of Madera, et al.* U.S. District Court, Eastern District Case No. 1:21-CV-00252, within seven (7) calendar days of receiving the Settlement Payment by Defendants." (*Id.* at 11).

\\\

[1] Citations will refer to blue numbers provided by CM/ECF at the top of each page.
[2] Attorney Chandler costs: $13,970.30; Attorney Schmidt costs: $38, 210.02.

## IV. LEGAL STANDARDS

Local Rule 202 governs cases involving a minor. Beginning with the requirement for a representative, it states, in relevant part:

> **(a) Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . , the attorney representing the minor . . . shall present (1) appropriate evidence of the appointment of a representative for the minor . . . under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor . . . . See Fed. R. Civ. P. 17(c).

Local Rule 202(a).

Regarding a minor's settled claims, the Local Rule provides as follows:

> **(b) Settlement.** No claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> > **(2) Approval in All Other Actions.** In all other actions, the motion for approval of a proposed settlement or compromise shall be filed and calendared pursuant to L.R. 230. The application shall disclose, among other things, the age and sex of the minor . . . , the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

Local Rule 202(b)(2).

Further, there is a separate requirement for an attorney to disclose their interests:

> **(c) Disclosure of Attorney's Interest.** When the minor . . . is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Local Rule 202(c).

Lastly, there is a provision regarding the disbursement of funds to a minor.

> **(e) Payment of Judgment.** Whenever money or property is recovered on behalf of a minor . . . , the money or property will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . .

Local Rule 202(e).

Federal Rule of Civil Procedure 17 also imposes on district courts a special duty to safeguard the interests of minor persons, providing that a "court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (discussing special duty in context of minors).

In the context of proposed settlements in suits involving minor persons, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

## V. DISCUSSION

### a. Local Rules

The Court begins with the requirements under its Local Rules. Consistent with Local Rule 202(a), Plaintiff's mother, Luz Venegas, has already been appointed as her guardian ad litem. (ECF No. 8 at 1).

Under Local Rule 202(b)(2), the petition indicates that Plaintiff is 13 years old and a female. (ECF No. 26, p. 2; ECF No. 26-1, p. 1). As for the nature of the causes of action being settled, the petition and settlement agreement note that all claims raised in the complaint—the § 1983 and state law claims—are being settled. (ECF No. 95-1 at 8) The motion summarizes the material facts noted above from the operative complaint, explaining how Defendant Johnson fired numerous shots into decedent Alfaro's vehicle resulting in his death in April 2020. ECF No. 95 at 8).

As for the manner in which the compromise amount or other consideration was determined, the petition describes the process in which settlement was reached

> [T]he parties retained Retired Justice Stephen Kane to serve as mediator. That took place on January 20, 2026. At the mediation the parties remained so far apart that a

> settlement could not be reached. However, Justice Kane provided each side with a "mediator's proposal" to settle the case. He allowed the parties until February 5 to evaluate and respond to his proposal. Both sides agreed and, as such, a settlement was reached. Thereafter, it took some time to work through the process of settlement documentation and, most importantly, time for Luz Ana Venegas to consider and seek guidance on possible structured settlement options for her daughter.

(ECF No. 95-1 at 2). The petition also states the following regarding the reasonableness of the settlement amount:

> All things considered, the mediator's proposal was a reasonable and rational amount for the parties to agree upon as a settlement of this action. Moreover, given the fact that this minor will now have the benefit of funds to help with college and otherwise getting a start in life as an adult, it provides a great benefit to her that she likely otherwise would not have had.

(*Id.* at 3).

Plaintiff requests that her $755,000 settlement amount be apportioned as follows: as following: $300,000 be paid to her counsel as attorney's fees, which is approximately 40% of the gross settlement, additional deductions of $52,180.32 for litigation costs, $395,000 paid to PASScorp to fund a structured payment plan to disburse funds over Plaintiff's lifetime, and the remaining balance of $2,819.68 disbursed into a blocked account with Bank of America. (ECF No. 95 at 5, ECF No. 95-1 at 9).

Further, as Plaintiff was not physically injured, there are no medical claims for reimbursement. (ECF No. 95 at 5).

As for the disclosure of attorney's interest under Local Rule 202(c), Attorneys William L. Schmidt and Stuart R. Chandler previously stated the following:

> LUZ ANA VENEGAS on behalf of Petitioner has contracted with William L. Schmidt, Attorney at Law, P.C., ("COUNSEL") with an office located in Fresno, California, to prosecute the cause of action for the minor J.A.
>
> COUNSEL and LUZ ANA VENEGAS on behalf of Petitioner entered into a standard contingency contract used in high cost, high risk, civil rights cases. COUNSEL advances all time and costs to prosecute the case and the client pays nothing unless there is a recovery. COUNSEL is to be reimbursed for costs and receive 45% of the case is settled, subject to the Court's approval of a minor's compromise. If Petitioner prevails by way of trial, COUNSEL is entitled to the contingency amount and any statutory fees awarded by the Court. COUNSEL is not receiving payment from any other source.
>
> COUNSEL did not become involved in the case at the insistence of any Defendant in the case (directly or indirectly) and has no relationship with any Defendant. The case was referred to Mr. Schmidt by a third party.

> COUNSEL has associated with Mr. STUART R. CHANDLER APC. Mr. CHANDLER also has no relationship with any Defendant in the case. The terms of the contract allow COUNSEL to associate with other attorneys provided there is no cost to Petitioner and LUZ ANA VENEGA has consented to the association.

(ECF No. 7 at 2) (internal numbering omitted).

Upon review, Plaintiff has provided the information required by the Court's Local Rules.

**B. Fairness and Reasonableness**

The Court now considers whether the $755,000 settlement "is fair and reasonable in light of the facts of the case, [Plaintiff's] claims, and typical recovery by [other] plaintiffs in similar cases." *Robidoux*, 638 F.3d at 1182.

As noted above, Plaintiff's counsel and Plaintiff's guardian ad litem agreed that the settlement was reasonable and would provide a great benefit to Plaintiff that was otherwise unavailable. The petition notes the litigation has been pending for five years with Defendants filing two dispositive motions. (ECF No. 95-1 at 2). Additionally, the parties remained "so far apart that settlement could not be reached" at the first mediation held on January 20, 2026. (*Id.*). Eventually, a settlement proposal was offered by the mediator and the resulting settlement was agreed upon, with all parties represented by counsel at the mediation.

After considering all the circumstances in this case, the Court will recommend that the parties' settlement be deemed fair and reasonable.

**C. Disbursement of Funds**

**1. Plaintiff's share**

Plaintiff will receive $395,000 from the settlement as her share. As noted above, Local Rule 202(e) requires settlement funds to be disbursed pursuant to state law or "such other order as the Court deems proper for the protection of the minor." California law provides multiple ways to distribute settlement funds, either where there is a guardian of the estate of a minor or not.

In the settlement agreement, Plaintiff's share of the settlement will be made payable to PASSCORP (Prudential Assigned Settlement Services Corporation), in order to fund periodic payments to Plaintiff. Periodic payments to Plaintiff will be made according to a schedule of payments, outlined as follows:

$10,000.00 payable Semi-Annually, guaranteed for 5 year(s), starting on 07/27/2028 with

the last guaranteed payment on 01/27/2033.
$1,000.00 payable Monthly, guaranteed for 12 year(s), starting on 07/27/2028, increasing at a rate of 3% compounded annually, with the las guaranteed payment on 06/27/2040.
$20,000.00 is payable as a lump sum on 07/27/2028.
$100,000.00 is payable as a lump sum on 07/27/2035.
$234,952.54 is payable as a lump sum on 07/27/2040.

(ECF No. 95-1 at 9-10).

Upon consideration, the Court finds that the proposed distribution of Plaintiff's funds is proper under California law and thus complies with Local Rule 202(e).

**2. Attorney's fees and costs**

Plaintiff's counsel seeks $300,000 in attorney fees from the $755,000 settlement (*i.e.*, 40%).[3]

When evaluating a reasonable amount of attorney's fees, "[t]ypically, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors." *B.R.L. by & through Lara v. Clinica Sierra Vista*, No. 1:21-CV-01445-JLT-CDB, 2024 WL 4502142, at *3 (E.D. Cal. Oct. 16, 2024), *report and recommendation adopted*, 2024 WL 4753989 (E.D. Cal. Nov. 12, 2024). Moreover, a reasonable fee can be determined by referencing the so-called "lodestar method," which is obtained "by multiplying the number of hours reasonably spent by a reasonable hourly rate." *William Leung v. China S. Airlines Co. Ltd.*, No. CV 19-00681 PA (SKX), 2019 WL 13078615, at *2 (C.D. Cal. Dec. 19, 2019) (addressing motion for approval of incompetent person's settlement).

With these standards in mind, counsel seeks 40% of the gross settlement amount. This amount is substantially greater than the 25% benchmark.

In support of this request, Plaintiff's counsel notes that litigation persisted for approximately five years and completed non-expert and expert discovery. (ECF No. 95-1 at 2). The case has survived two dispositive motions filed by Defendants and, as counsel notes, settlement was not easy to come by. (*Id.*). Additionally, as counsel states, Plaintiff will now have the benefit of the settlement funds to help with future education and otherwise assist her in adult life. (*Id.*).

[3] The Court notes that unlike in *Robidoux,* the attorneys' fees sought were not a material term of the Settlement Agreement, but resulted solely from negotiation between Plaintiff's *guardian ad litem* and counsel. *See Robidoux v. Rosengren,* 638 F.3d 1177 (9th Cir. 2011).

Counsel contends that the 40% amount sought in the petition is less than the 45% originally indicated in the attorney retainer agreement. (ECF No. 95-1 at 3). Counsel argues that the Court "would consider the prevailing contingent percentage in similar cases in state court," where counsel states his experience would suggest that "40% would be considered reasonable." (ECF No. 95-1 at 3). Counsel provides the following in support

> I represented a minor with burn injuries in Fresno County Superior Court case of *Porter v Debenedetto* (18CECG00170) where the case settled well before trial (and without an MSJ) for 2.5 million. I suggested to the Court that it approve a fee midway between a pre-litigation percentage of 1/3 and the 40% allowed by the fee agreement for being well into litigation. The Court approved the request (at 36.67%) in August of 2022. In a bus injury case in Merced County, I represented a minor with serious injuries. The court approved a fee of 1/3. Other minors on the bus have resolved their claims (with minimal litigation) with Court approval of a 40% attorney fee… In the Fresno County Superior Court, attorney William Schmidt and I represented the minor heirs of Gerald Johnson in the case of *Johnson v City of Fresno*. It involved the shooting death of the plaintiffs' father by Fresno police officers. We litigated that case through extensive discovery and eventually settled pre-trial for $2.25 million. That Court approved our request for an attorney fee of 40% of the gross recovery. The case of *Vinegas v City of Madera* was a civil rights case involving police officers. William Schmidt represented some plaintiffs and Beverly Hills attorney Carl Douglas represented others. The fee agreement for Mr. Schmidt's clients called for a fee of 40%. However, he asked this Court to approve a fee of 1/3 of the $750,000.00 settlement since the case resolved in mediation very shortly after filing. Unlike this case, that one resolved without discovery. This Court granted that fee request.

(ECF No 95-1 at 3-4).

However, as counsel stated, the fees awarded in these cases occurred in state court, not this Court. Further, even with those settlement awards, only one of the three cases, *Johnson v. City of Fresno,* approved a 40% fee for the attorneys. The other case, *Porter v. Debendetto,* approved 36.67% of the amount to be awarded as attorney's fees. Notably, counsel provides only one case that he participated in before this Court, *Brock v. County of Fresno.* In that case, the court approved 33% of the $3,000,000 settlement to be awarded as attorney's fees. (ECF No. 95-1 at 4). Counsel argues that should the Court consider the *Brock* matter for comparison as it is an apt comparison to support the basis for the percentage awarded to be higher in this case. Counsel states:

> Both were settled pre-trial. Both proceeded through extensive discovery and the filing of an MSJ. But in *Brock* the case settled with the motion still pending. Here, the case did not settle until after this Court denied most of the MSJ. In *Brock*, the fee award was $990,000.00. Here, where a similar amount of work was done, the fee request is

> $300,000.00. It is respectfully submitted that where, as here, the amount of the settlement is much less than in other cases (though still an excellent outcome under the circumstances of the case), it is reasonable to allow for a slightly higher percentage such that the attorney fee is reasonable in light of the investment of time, money and risk.

(*Id.* at 5). Finally, counsel states that he has been practicing on a contingent fee basis in the Central Valley for over 45 years and in his

> observation is that contingent percentages are generally higher now than in years past. Earlier in my practice, fees were often one-fourth to one third for "pre-litigation" or perhaps early on in litigation, increasing to 40% at or near trial. I believe that contingent percentages have, over the past 10 or so years, increased to a norm of one-third prelitigation and 40% upon filing suit or well into discovery.

(ECF No. 95-1 at 4-5). However, counsel provides no authority to support his observation that percentages awarded as attorney fees are generally higher now than in the past, and 25% remains the benchmark in this district.

Per the Court's request, counsel also provided declarations for both Mr. Chandler's and Mr. Schimdt's hours billed in this case. (ECF Nos. 97, 98).

In his filing, Mr. Chandler states under the penalty of perjury that he has over forty-six (46) years of experience as a civil trial lawyer. Additionally, regarding the work undertaken in this case, he states provides the following:

> Some of the work on this matter was performed by my former associate, Austin Insco, who was admitted to practice in 2022.
>
> Some of the work on this matter was performed by my paralegal Michelle Gaskin, who has been a paralegal at my office for over 30 years.
>
> Some of the work on this matter was performed by my paralegal Justin Sant'Agata, who started in my office in 1998, then worked as a State Farm claims adjuster, a paralegal at McCormick Barstow and then returned to my office as a paralegal.
>
> My firm bills on a contingency fee basis. I do not maintain contemporaneous billing records. Based upon a diligent review of the file and our calendars, I submit that my firm has expended at least 235 hours on this case, including 140 hours of my time, 50 hours by Austin Insco and 45 paralegal hours.

(ECF No. 97 at 1-2) (internal numbering omitted).

In Mr. Schmidt's declaration, he states under the penalty of perjury that he has twenty-six (26) years of experience as a civil trial lawyer. (ECF No. 98 at 2). Furthermore, regarding the work provided on this case, he states

> Some of the work on this matter was performed by a paralegal with over 20 years of experience.
>
> My firm bills on a contingency fee basis. I do not maintain contemporaneous billing records. Based on a diligent review of the file and my calendar, I submit that my firm expended at least 230 hours on this case – 205 attorney hours and 25 paralegal hours.

(*Id.*) (internal numbering omitted).

As another indicator of reasonableness of the fee request, the Court has also applied the loadstar method. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Here, that is the Fresno Division of the Eastern District of California. *See Beard v. Cnty. of Stanislaus*, No. 1:21-CV-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal. Jan. 17, 2023) ("In the Fresno Division of the Eastern District of California, across a variety of types of litigation generally, attorneys with experience of twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00 per hour, and less than $200.00 per hour for attorneys with less than five years of experience."). Additionally, other courts in this district have found that hourly rates for attorney fees awarded in the Eastern District of California range from $200 to $750, with hourly rates exceeding $600 reserved for attorneys who have been practicing approximately 30 years. *See, e.g., Cianchetta v. BMW of N. Am.*, No. 2:20-cv-00241-KJM-JDP, 2022 U.S. Dist. LEXIS 106771, at *14 (E.D. Cal. Jun. 13, 2022) (reducing the hourly rate for attorneys in their first year of practice to $200); *Seebach v. BMW of N. Am., LLC*, No. 2:18-cv-00109-KJM AC, 2020 U.S. Dist. LEXIS 152330, at *8 (E.D. Cal. Aug. 21, 2020) (awarding the hourly rates of $200 for an attorney who had been admitted to practice less than two years, and $505 for an attorney "with roughly 20 years of experience" in 2020); *Siafarikas v. Mercedes-Benz USA, LLC*, No. 2:20-cv-01784-JAM-AC, 2022 U.S. Dist. LEXIS 206020, at *8 (E.D. Cal. Nov. 10, 2022) (approving the

hourly rate of $250 for an attorney "who has practiced law for three years" and $500 for an attorney who had practiced law for 21 years).

Mr. Chandler indicates he has 46 years of legal experience, Mr. Insco has approximately four years of legal experience, and Mr. Schimdt states he has 26 years of legal experience. If the Court were to account for the rates in the local community, the hourly rate would be $650.00 for Mr. Chandler, $425.00 for Mr. Schmidt, and $250.00 for Mr. Insco. Applying these rates to the approximate hours bills results in $91,000 for Mr. Chandler, $87,125 for Mr. Schmidt, and $12,500 for Mr. Insco, resulting in a total amount of $190,625 in attorney fees, or 25% of the total settlement amount.

The Court has also attempted to determine the hourly rate that would result from awarding the full 40% requested. Counsel in this case represents that a total of 395 attorney hours[4] were spent on this case by Mr. Chandler, Mr. Schmit, and Austin Insco. Thus, if counsel were awarded the amount currently sought, this would result in an hourly rate of $759 per hour for all attorneys of all levels of experience[5].

However, the Court also appreciates the contingent nature of recovery in this case. Counsel provided upfront costs for five years and secured a favorable settlement for Plaintiff. Moreover, the Court will also look to counsel's only case cited in the Eastern District, *Brock v. County of Fresno*, in which 33% of the total settlement was eventually awarded as attorney's fees. As the total settlement amount in this case is $755,000, if 33% of the settlement amount were to be awarded as attorney fees, counsel would receive $249,150. Applying the lodestar method to this adjusted amount, the hourly rate calculates to approximately $631[6] per hour. An hourly rate of $631 is in line with other reasonably hourly rates awarded to attorneys in the district with the experience level of Mr. Chandler and Mr. Schmidt. *See, e.g., Cianchetta v. BMW of N. Am.*, No. 2:20-cv-00241-KJM-JDP, 2022 U.S. Dist. LEXIS 106771, at *14 (E.D. Cal. Jun. 13, 2022). Additionally, the Court finds this hourly rate results in an hourly rate that accurately reflects counsel's contingent work and up-front costs expended in litigating the case.

---

[4] 140 (Chandler) + 50 (Insco) + 205 (Schmidt) =395 hours.
[5] $300,000/395=$749.49
[6] $249,150/395 hours=$630.75

In short, the Court believes that the allocation for attorney's fees should be reduced to 33% of the gross settlement amount, *i.e.*, $249,150. Such an allocation is still well above the benchmark of 25%, as outlined above. Moreover, using the 395 hour estimate, this will result in an effective hourly rate of $631 for all counsel involved.

Moreover, the Court recommends that Plaintiff's counsel be reimbursed for the full amount of litigation costs referenced in the petition, i.e. $52,180.32, as this amount is reasonable. (ECF No. 95-1 at 25).

## VI. FINDINGS AND RECOMMENDATIONS

For the reasons given above, IT IS RECOMMENDED as follows:

1. The petition for approval of minor's settlement (ECF No. 95) be granted in part.
2. The gross settlement between Defendants and Plaintiff of $755,000 be approved.
3. The settlement amount is apportioned as follows:
   a. $355,000 to the "Chandler Law Client Trust Account"
      i. Attorney's fees of $249,150 to Plaintiff's counsel;
      ii. Litigation costs $52,180.32 to Plaintiff's counsel;
      iii. The remaining $49,669.69 deposited into a blocked account.
   b. $395,000 into a structed payment settlement under PASSCorp, subject to withdrawal only on the structured payment schedule approved by the Court in this order.
4. Defendant be directed to pay the settlement amount to Plaintiff's counsel within 30 days of the final ruling on the motion.
5. Plaintiff's counsel be directed to allocate the settlement amounts as set forth in this order no later than 5 days from receipt of payment. And Plaintiff's counsel be directed to file proof of the deposit of Plaintiff's account at Bank of America no later than 10 days after receipt of payment.
6. The parties be ordered to submit an appropriate dispositional document within 35 days of the final ruling on the motion.[7]

[7] The parties are reminded of their availability to consent to the undersigned presiding over this case by using the forms previously provided to them; however, they are free with withhold consent without

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

adverse substantive consequences. (*See* ECF No. 5-3). If the parties do consent, the Court will issue a direct order consistent with these findings and recommendations.