UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

J.A. *by and through her GAL, Luz Ana Venegas, individually and as successor-interest to Decedent, Artemio Alfaro,*

Plaintiff,

v.

THE COUNTY OF MADERA, *et al.*,

Defendants.

Case No. 1:21-cv-00252-KES-EPG

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

Docs. 95, 100

Plaintiff J.A., a minor, proceeds through her guardian ad litem Luz Ana Venegas in this civil action, bringing federal and state claims following an incident in which Defendant Brendan Johnson, an officer with Madera County Sheriff's Department, allegedly shot and killed Plaintiff's father, Artemio Alfaro.

On June 18, 2026, Plaintiff filed a petition for settlement approval. Doc. 95. This petition was referred to a United States magistrate judge for the preparation of findings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19).

On July 27, 2026, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's petition be granted in part. Doc. 100[1]. The Court informed the

[1] These were corrected findings and recommendations, which corrected a typographical error

parties that any objections were required to be filed within fourteen (14) days after service. *Id.* at 14. Additionally, the parties were advised that the failure to file objections within the specified time period may result in a waiver of rights on appeal. *Id.*; *see Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991). No objections were filed and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The corrected findings and recommendations issued on July 27, 2026, Doc. 100, are ADOPTED in full.
2. The petition for approval of minor's settlement (ECF No. 95) is granted in part.
3. The gross settlement between Defendants and Plaintiff of $750,000 is approved.
4. The settlement amount is apportioned as follows:
   a. $355,000 to the "Chandler Law Client Trust Account"
      i. Attorney's fees of $247,500 to Plaintiff's counsel;
      ii. Litigation costs $52,180.32 to Plaintiff's counsel;
      iii. The remaining $55,319.68 deposited into a blocked account with Bank of America as follows: "Luz Ana Venegas as guardian ad litem for J.A."[2]
   b. $395,000 into a structed payment settlement under PASSCorp, subject to withdrawal only on the structured payment schedule as set forth in the findings and recommendations, which is approved by the Court in this order.
5. Defendant is directed to pay the settlement amount to Plaintiff's counsel within 30 days of

---

regarding the total settlement amount. Doc. 100. In some portions of the uncorrected findings and recommendations, the total settlement amount was erroneously listed as $755,000. *See* Doc. 99. The actual settlement amount is $750,000, as stated in the corrected findings and recommendations. Doc. 100.

[2] J.A.'s actual name will be listed on the account, but is not included here to maintain J.A.'s privacy.

the entry of this order.

6. Plaintiff's counsel is directed to allocate the settlement amounts as set forth in this order no later than 5 days from receipt of payment. And Plaintiff's counsel is directed to file proof of the deposit of Plaintiff's account at Bank of America no later than 10 days after receipt of payment.

7. The parties are ordered to file an appropriate dispositional document within 35 days of the entry of this order.

IT IS SO ORDERED.

Dated: August 14, 2026

UNITED STATES DISTRICT JUDGE